**In re AUTO–PAK, INC. Debtor.**

**Bryan S. ROSS, Trustee, and Auto-Pak, Inc., Plaintiffs,**

**v.**

**GENERAL PLASTIC AND CHEMICAL CORP., Defendant/Counterclaimant,**

**v.**

**Richard DeFRANCO and Kathy DeFranco, Additional Defendants on Counterclaim.**

**Bankruptcy No. 84–00170.**
**Adv. Nos. 84–0197, A85–0029.**

United States Bankruptcy Court, District of Columbia.

Nov. 26, 1985.

---

Bryan S. Ross, trustee, Washington, D.C., pro se.

William A. Grant, Washington, D.C., for defendant General Plastic & Chemical Corp.

Bernard Lipton, Silver Spring, Md., for Auto-Pak, Inc., and DeFrancos.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Before the Court is a motion to dismiss the third-party complaint filed by third-party defendant Kathy DeFranco, based on the fact that the claim asserted in the third-party complaint is not grounded either in whole or in part on "the plaintiff's claim against [the third-party plaintiff]"[1] but instead is, now,[2] based solely on written guarantees executed by third-party defendants Richard and Kathy DeFranco of the debts of counter-defendant Auto-Pak, Inc.

Third-party plaintiff General Plastic and Chemical Corp. ("General Plastic") points out that, since Ms. DeFranco had already filed an answer, she has failed to exercise the "option" referred to in the first sentence of Rule 12(b), and hence her motion to dismiss under Fed.R.Civ.P. 12(b)(6) was untimely. However, Rules 12(c) and (h) permits the defense of failure to state a claim to be made by a motion for judgment on the pleadings at any time "[a]fter the pleadings are closed but within such time as not to delay the trial..." And, as General Plastic itself elsewhere notes, our Court of Appeals has held:

> In light of the healthy spirit of practicality animating the Federal Rules, see, e.g., Fed.R.Civ.P. 1, we see no need in this case to penalize a litigant for mislabeling a motion. See Fed.R.Civ.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

*Rieser v. District of Columbia*, 580 F.2d 647, 655 (U.S.App.D.C. *en banc* 1978). Following *Rieser*, this Court will treat the motion to dismiss as a motion for judgment on the pleadings and will consider it on its merits.

It is well established "that generally an entirely separate claim may not be asserted against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third party all or part of the liability asserted against the defendant." 3 Moore's *Federal Practice*,

---

1. Fed.R.Civ.P. 14. The motion was filed while the matter was pending before the District Court as a civil action, before the District Court referred the consolidated adversary proceedings to this Court. For all relevant purposes, the analogous Bankruptcy Rules are identical to the Federal Rules referred to in this Opinion—e.g., Bankruptcy Rule 7014.

2. Originally, the third-party complaint asserted another theory of recovery against not only Kathy and Richard DeFranco, but also Christopher Benning, based on their positions as officers of the Debtor corporation, but that theory has been abandoned, and the claim against Benning is to be dismissed.

¶ 14.07[1], citing numerous cases (footnote citations omitted).

However, in this case, it is obvious that the defendant/counterclaimant could have joined the DeFrancos as additional parties in its counterclaim, as explicitly authorized by Fed.R.Civ.P. 13(h). Hence, following *Rieser, supra,* this Court will treat the third-party complaint as constituting a designation of additional parties defendant on the counterclaim. Therefore, it is

ORDERED that the motion to dismiss is denied; and it is further

ORDERED that hereafter Kathy and Richard DeFranco shall be treated and designated as additional parties defendant on the counterclaim, rather than as third-party defendants.